United States District Court
Southern District of Texas
**ENTERED**
March 12, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | § § § | |
| v. | § | CRIM. ACTION NO. 4:12-CR-202-1 |
| RODNEY D. NELSON, <br> Defendant. | § § § § | |

## ORDER

The Court has before it the Defendant's Motion for Term of Modification of Imprisonment. (Doc. No. 122). The Government has responded in opposition. (Doc. No. 123). Having considered the motion, the Court finds it should be denied.

### I.

Defendant Rodney Nelson ("Nelson" or "Defendant") was arrested for possession with intent to distribute crack cocaine in Bryan, Texas on November 17, 2011. On that date, the Bryan Police Department arrested Nelson (after a surveillance operation) and found 13.8 grams of crack cocaine, a loaded pistol, and a scale and plastic bags commonly used to deal cocaine in the bag he was carrying. When officers searched the vehicle Nelson and his brother were in, they also found $19,885 in cash along with additional drug paraphernalia. Nelson pleaded guilty on November 25, 2013 to possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He pleaded guilty pursuant to a written plea agreement, in which he agreed to the facts described above, plus the fact that officers had found additional drug distribution materials in his apartment when it was searched after the arrest.

Under the United States Sentencing Guidelines (U.S.S.G.), Nelson's base offense level was established at 22, but the level was enhanced due to his possession of a loaded weapon and because

1

he qualified as a career criminal under U.S.S.G. § 4B1.1 due to his earlier convictions for drug distribution. His criminal history scored in the highest category (VI) due to his extensive involvement in criminal activities, which dates back to when he was eleven years old. His prior adult convictions include four convictions for manufacture/delivery of a controlled substance (2005, 2007, 2007, and 2008), two convictions for possession of a controlled substance (2005 and 2007), three convictions for evading arrest (2005, 2007 and 2008), and two convictions for resisting arrest (2005 and 2007). For a person only 26 years-old, he compiled a remarkable criminal history—most of it drug related.

Nelson's U.S.S.G. sentencing range was 151 to 188 months. (Doc. No. 55). This Court's predecessor sentenced him to 146 months (the low end of the guideline range after the Court gave him credit for a related 5 month stay in the Brazos County jail). (Doc. No. 69). His conviction was summarily affirmed by the Fifth Circuit Court of Appeals in 2016. (Doc. No. 103).

Nelson subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 105) that was later amended (Doc. No. 110) and which was opposed by the Government. (Doc. No. 116). The United States Magistrate Judge recommended to the Court that Nelson's motions be denied and the Government's Motion to Dismiss (Doc. No. 116) be granted. The Court adopted this recommendation and dismissed Nelson's attempt for § 2255 relief. (Doc. No. 118).

Nelson now seeks, pursuant to 18 U.S.C. § 3582(C)(1)(A)(1), for this Court to reduce his sentence to home confinement. (Doc. No. 122). The Government has responded in opposition. (Doc. No. 123). Nelson's request is based upon the fact that he is 32 years-old and has contracted a helicobacter pylori infection, which he claims has compromised his immune system and makes him more susceptible to the COVID-19 virus. He additionally argues that he has a viable reentry plan with Courtney Pruett, who resides in a Houston suburb.

The Government responds that the Defendant's claims are both procedurally defective and substantively meritless. First, the Government argues that Nelson has not exhausted his administrative remedies as he has not pursued this motion with the officials of the Bureau of Prisons. Nelson has not provided this Court with any proof that he has exhausted his remedies, so the Court dismisses his motion.

The Court will, nonetheless, address the merits in the event Nelson has actually procedurally complied, and merely failed to allege and explain how he did comply. The Government has taken a three-prong attack on Nelson's motion. First, it argues that COVID-19 concerns alone do not constitute extraordinary and compelling reasons for relief. Second, it argues the Defendant has not shown that the BOP can not handle the medical concerns created by the COVID-19 virus. Finally, the Government argues that Nelson has failed to make a convincing argument that he qualifies under § 3582.

The Court will only address a combination of the last two arguments. Nelson has not provided this Court with any proof that the Beaumont USP facility where he is housed is incapable of providing a safe environment for prisoners—generally and more specifically for Nelson.

Beaumont USP houses just over 1,200 inmates and reports that 153 inmates have contracted COVID-19, with 125 of those inmates fully recovered. There have been no deaths related to COVID-19 at the facility, either between the inmates or the staff. Moreover, the BOP is currently in the process of inoculating staff and inmates against COVID-19 and has administered over 75,000 doses nationwide.[1]

Finally, Nelson has not shown this Court that his circumstances present unusual facts, which would enable this Court to find "extraordinary" or "compelling" reasons to justify the relief

---

[1] *See* Bureau of Prisons (2021). COVID-19 Vaccine Implementation. https://www.bop.gov/coronavirus/

he requests. Nelson claims that his intestinal condition has affected his immune system, which in turn renders him more susceptible to COVID-19. He supplies no records or evidence that support this conclusion. He also claims to have contracted tuberculosis while incarcerated. While he indicates he has been treated for both conditions, it is unclear if either of these conditions are active. Nelson argues his age (32) makes him more susceptible to serious complications should he contract COVID-19. Age has been shown to be a factor. According to the CDC, a 32-year-old is approximately 1.4 times more likely to require hospitalization than the comparison group of ages 18-29.[2]

The bacterial infection, which affects the digestive tract, is quite common. Some estimates predict that over 50% of the population worldwide have it. It increases the risk of peptic ulcers. In acute cases it causes pain, nausea, bloating, and occasional vomiting. Some individuals develop polyps, and individuals with chronic conditions do have an increased risk of some cancers. It is generally treated with antibiotics, which is how Nelson describes the manner in which he was treated. While the CDC has not addressed the relationship between helicobacter pylori and COVID-19, a recent study in the Journal of Pediatric Gastroenterology and Nutrition summarized its results as follows: "[t]here was no statistically significant difference between H pylori positivity and the number of hospitalized days, the severity of the course of the COVID-19 infection, or the outcome of the disease."[3]

Apparently, the medical experience with COVID-19 and tuberculosis is also limited, but the best prediction is that tuberculosis enhances the probability that the COVID outcome could be

---

[2] The CDC recently updated its rate ratios table to change the reference group from 18-29-year-old individuals to 5-17-year-old individuals. However, the Court prefers to use the rate ratios compared to 18-29-year-old individuals since no 5-17-year-olds are to be found in the Bureau of Prisons. *See* Centers for Disease Control and Prevention (2021). COVID-19 Hospitalization and Death by Age. https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html

[3] Balamtekin, Artuk, Arslan, and Gülşen, "The Effect of Helicobacter Pylori on the Presentation and Clinical Course of COVID-19 Infection," *J. Pediatr Gastroenterol Nutr.* (Dec. 9, 2020).

worse, especially if the tuberculosis treatment must be interrupted to effectuate the COVID-19 treatment. Other studies disagree with this conclusion. The British Columbia Centre for Disease Control has concluded that tuberculosis is not known to put people at a higher risk of COVID-19 infection.[4] In a study at Cedars Sinai in Los Angeles, the researches found that the tuberculosis vaccine (Bacille Calmette-Guérin) may actually prevent or reduce the severity of COVID-19.[5] These studies are clearly just scratching the surface as the knowledge concerning COVID-19 continues to grow daily.

What is significant for this Court's ruling is the fact that there is no known/proven relationship between either of these two conditions and the severity of problems caused by COVID-19. When added to the fact that Nelson has not provided any evidence establishing his alleged medical problems or their severity or their treatment history, the Court has no evidence upon which it may grant relief.

Additionally, the Government argues, and the Court finds, that Nelson poses a threat to public safety and there is a need for him to remain in custody to protect the public from future crimes of the defendant. This Court has already noted he was classified as a career criminal. He has been dealing drugs to the citizens of Brazos County since he was 17 years old. He has been violating the law since he was 11 years old. He was arrested four times before he turned 17. He committed 6 different offenses (for which he was convicted) while he was 17. After taking a break from crime while he was in jail, he committed 8 more crimes at 19, that ultimately culminated in an 8-year prison term. He then committed multiple felonies that led to this current imprisonment.

---

[4] *See* BC Centre for Disease Control (2021). Tuberculosis and COVID-19. http://www.bccdc.ca/health-info/diseases-conditions/covid-19/priority-populations/tuberculosis-and-covid-19

[5] Rivas, Ebinger, Wu, Sun, Braun, Sobhani, Van Eyk, Cheng, and Arditi, "BCG Vaccination History Associates with Decreased SARS-COV-2 Seroprevalence Across a Diverse Cohort of Health Care Workers," *J. Clin Invest.* (Jan. 19, 2021).

He was not only dealing crack cocaine, but he was an armed felon at the time. Moreover, at the time he committed many of these crimes he was in a relationship with Courtney Pruett—the very person he has proposed living with should his sentence be reduced to home confinement.

This Court finds there is no substantive reason to grant Nelson the relief he seeks. He has not shown that he has exhausted his administrative remedies and therefore his motion (Doc. No. 122) is dismissed. Nevertheless, even if he has complied with all the prerequisites for such a motion, he has not shown that he qualifies for the relief he seeks. Moreover, this Court finds that he needs to be incarcerated to protect the public from his future crimes.

For the reasons specified above, the Court denies the motion.

SIGNED at Houston, Texas this 12th day of March, 2021.

Andrew S. Hanen
United States District Judge